UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HENRIETTA W. CAMPER, | CASE NO. 2:23-cv-638 |
| Plaintiff, | ORDER |
| v. | |
| SAFEWAY, INC.; J.C. PENNEY CORPORATION, INC., | |
| Defendants. | |

# 1. INTRODUCTION

This matter comes before the Court on Plaintiff Henrietta W. Camper's Objection to Defendant Safeway, Inc.'s Notice of Removal and Motion to Remand to State Court. Dkt. No. 7. Having considered Camper's request and Safeway's response, the Court GRANTS Camper's motion.

# 2. BACKGROUND

Camper alleges that she slipped and injured her knee inside a Safeway grocery store in Seattle, Washington, in 2018. Dkt. No. 5-1 at 5 ¶ 3.2. Camper sued Safeway in King County Superior Court and served Safeway with her complaint on October 23, 2020. Dkt. No. 8 at 2 ¶ 6. For reasons that are unclear, Camper also

ORDER - 1

named J.C. Penney Corporation as a defendant in the lawsuit. Dkt. No. 5-1 at 1. Safeway served Camper with written discovery requests on November 20, 2020. Dkt. No. 10 at 2 ¶ 4. On or about that same date, the state court stayed the matter for co-defendant J.C. Penney's bankruptcy proceedings. Dkt. No. 5-1 at 292 ¶ 3. It is not clear from the record, which event occurred first—the stay or service of Safeway's discovery requests.

Safeway alleges Camper did not answer its discovery requests and that she failed to provide a statement of her damages to Safeway pursuant to RCW 4.28.360 during the stay. Dkt. No. 10 at 2 ¶ 6. After two years, the automatic bankruptcy stay was lifted and Safeway again requested a statement of damages and responses to its discovery requests from Camper on January 10, 2023. *Id.* at 3 ¶ 7. Safeway claims Camper did not respond to these requests or its efforts to schedule a discovery conference. *See id.* ¶ 9.

On February 17, 2023, Safeway moved to compel Camper to disclose the amount of damages she claimed for her injuries and for responses to its discovery requests. *Id.* ¶ 10. On February 24, 2023, Camper responded, "Plaintiff will note this case for mandatory arbitration and will stipulate to the MAR damages limitation of $100,000." Dkt. No. 5-1 at 338. In response to Safeway's request for an itemization of Camper's medical treatment for her alleged injuries, Camper stated "[t]his matter is still under investigation and this response will be supplemented. Plaintiff currently does not know the exact amount of medical special damages related to the subject incident," and that she "is not making an income loss claim." *Id.* On March 13, 2023, the state court entered an order compelling Camper to

ORDER - 2

provide a statement of damages and to answer Safeway's discovery requests "within ten days." Dkt. No. 5-1 at 345-6.

On March 23, 2023, Camper made a motion to move the matter to mandatory arbitration. Dkt. No. 5-1 at 367. The next day, Camper moved the state court to reconsider its order compelling her to produce a statement of damages and responses to Safeway's discovery requests. Dkt. No. 5-1 at 406. Camper claimed that reconsideration was warranted because she served her discovery responses on Safeway on February 24, 2023, which was only days after Safeway moved to compel and before the hearing date on the motion. *Id.* at 410-412. Camper also argued reconsideration was warranted because, "[t]o the extent there is continuing disagreement as to the adequacy of our responses, the parties should first engage in a discovery conference to try to resolve these differences before seeking further Court assistance." *Id.* at 412. The state court denied each of Camper's requests. Dkt. No. 5-1 at 400, 465; Dkt. No. 12 at 2 ¶ 9.

On April 5, 2023, Safeway requested a discovery conference with Camper to discuss the amount of damages she claimed, but Camper's counsel responded that he would not be available until April 17, 2023. Dkt. No. 10 at 5 ¶ 18. Camper agreed to submit the matter to mandatory arbitration with a maximum possible recovery of $100,000. Dkt. No. 12 at 3 ¶ 12(2). On April 21, 2023, Camper provided Safeway an amended response to Safeway's request for statement of damages. *Id.* ¶ 14. In a supplemental response to Safeway's request for general damages, Camper responded with the following:

ORDER - 3

> Plaintiff currently lacks sufficient information to determine the exact amount of general damages that will be claimed. In particular, some medical treatment records have not been located. Based solely on information presently available, plaintiff intends to claim $200,000 in general damages but is prepared to enter mandatory arbitration and is prepared to accept the jurisdictional limit of $100,000 in total damages.

*Id.* at 14.

Safeway filed its notice of removal to federal court from King County Superior Court on May 1, 2023. Dkt. No. 1. Camper now claims that her claim is not "likely to exceed $75,000 in total value," and that she will "limit her claim to $75,000 or less." Dkt. Nos. 8 at 3 ¶ 14, 12 at 4 ¶ ¶ 17-19 . In a May 26, 2023, amendment to her statement of damages, Camper limits her damages to $75,000. Dkt. No. 12, Ex. C.

### 3.  ANALYSIS

**3.1.  Legal standard.**

Under 28 U.S.C. § 1441(a), "[a] defendant generally may remove an action filed in state court if a federal district court would have had original jurisdiction over the action," *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 415 (9th Cir. 2018), which may be based on diversity of parties when the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016) (citing 28 U.S.C. § 1332(a)) (cleaned up). The removal statute is "strictly construe[d] . . . against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* Because there is a "strong presumption" against removal

jurisdiction, "defendant[s] always ha[ve] the burden of establishing that removal is proper." *Id.* Removal must be timely. *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 788 (9th Cir. 2018).

There is no dispute about whether there is complete diversity between the parties; rather, the questions before the Court are whether the amount-in-controversy exceeds $75,000 and whether Safeway timely removed the action from state court.

**3.2.  Safeway has met the amount-in-controversy threshold.**

The Court first considers whether the amount in controversy meets the jurisdictional threshold under 28 U.S.C. § 1332(a). When it is unclear or ambiguous from the state court complaint whether the amount-in-controversy pled meets the jurisdictional threshold, it is the removing-defendant's burden to establish by a preponderance of the evidence the amount in controversy exceeds the threshold. *Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1121–22 (9th Cir. 2013) (citing *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007)); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)). A defendant may point to different types of evidence, but "[a] particularly powerful form of evidence is the plaintiff's own statements about the damages they seek." *Flores v. Safeway, Inc.*, No. C19-0825-JCC, 2019 WL 4849488, at *3 (W.D. Wash. Oct. 1, 2019) (citation omitted).

Safeway argues that the amount in controversy meets the jurisdictional threshold, pointing to Camper's statements valuing her case about $75,000. Most

notably, in her statement of damages made under RCW 4.28.360,[1] Camper states, "[b]ased solely on information presently available, *plaintiff intends to claim $200,000 in general damages* but is prepared to enter mandatory arbitration and is prepared to accept the jurisdictional limit of $100,000 in total damages." Dkt. No. 10-1 at 2 (emphasis added).

After removing the case to federal court, however, Camper supplemented her statement of damages, agreeing to "limit her total recovery … to a maximum of $75,000." Dkt. No. 12 at 14; *see also* Dkt. No. 8 at 3 ¶¶ 14, 17. Camper argues in her motion that this lower estimate is supported by yet-to-be-obtained medical records that would show one doctor's visit and x-ray following her fall. Dkt. No. 8 at 2 ¶¶ 10, 11. Camper also claims that she is not seeking to recover for lost income. *Id.* ¶ 13.

The Court finds Safeway has satisfied the amount in controversy requirement for removal by relying on Camper's statement of damages that she intended to claim $200,000 in general damages. *Flores*, 2019 WL 4849488, at *3 ("A statement of damages made pursuant to § 360 is especially relevant evidence of how the plaintiff values their case."). This amount is not unreasonable given Camper's claims that she was "severely injured" by Safeway's alleged negligence and that her "injuries together with pain, discomfort and limitation of movement prevail and will continue to prevail for an indefinite time into the future." Dkt. No. 1-2 at 6 ¶ 3.7. Camper's supplemental damages disclosures, along with Camper's counsel's

---

[1] In relevant part, RCW 4.28.360 states: "A defendant in [any civil action for personal injuries] may at any time request a statement from the plaintiff setting forth separately the amounts of any special damages and general damages sought."

equivocal statements that her claim "may" be less than $75,000 or that she will accept less than this amount, are perhaps an "attempt to game the system" to avoid this Court's jurisdiction. *Sinclair v. Home Depot, U.S.A., Inc.*, No. C19-1971-JCC, 2020 WL 6887914, at *2 (W.D. Wash. Nov. 24, 2020). But this Court's jurisdiction was determined at the time the action commenced, at which point Camper claimed $200,000 in damages, and the Court "is not divested of jurisdiction . . . [because] the amount in controversy subsequently drops below the minimum jurisdictional level." *Hill v. Blind Indus. & Servs. of Maryland*, 179 F.3d 754, 757 (9th Cir.), *opinion amended on denial of reh'g*, 201 F.3d 1186 (9th Cir. 1999). Safeway has met its burden to show Camper's claim met required amount in controversy under 28 U.S.C. § 1332(a) at the time of removal.

**3.3.   Safeway's removal was untimely under 28 U.S.C. § 1446(c)(1).**

The Court next considers Camper's argument that Safeway's notice of removal was untimely based on 28 U.S.C. § 1446(c)(1). The removal statute provides "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). If the court finds the plaintiff "deliberately failed to disclose the actual amount in controversy to prevent removal, that finding shall be deemed bad faith …." 28 U.S.C. § 1446(c)(3)(B).

The Ninth Circuit has not clarified "bad faith" under 28 U.S.C. § 1446(c). *See Herrington v. Nature Conservancy*, No. CV 21-240-GW-GJSX, 2021 WL 942749, at

*3 (C.D. Cal. Mar. 11, 2021). But "[i]n determining bad faith, courts have generally inquired whether the plaintiff engaged in strategic gamesmanship designed to keep the case in state court until the one-year deadline has expired." *Torres v. Honeywell, Inc.*, No. 2:20-CV-10879-RGK-KS, 2021 WL 259439, at *3 (C.D. Cal. Jan. 25, 2021) (citing *Heacock v. Rolling Frito-Lay Sales, LP*, No. C16-0829-JCC, 2016 WL 4009849, at *3 (W.D. Wash. July 27, 2016); *Aguayo v. AMCO Ins. Co.*, 59 F. Supp. 3d 1225, 1263 (D.N.M. 2014)). District courts have considered a plaintiff's subjective intent when taking action that inhibits removal. *Heacock*, LP, 2016 WL 4009849, at *2 (considering plaintiffs' subjective intent in naming a non-diverse defendant). Courts have also noted that bad faith "'carries with it a high threshold and entails actions tantamount to recklessly raising a frivolous argument or disrupting and hindering court proceedings.'" *Heacock*, 2016 WL 4009849, at *2 (considering bad faith in the context of awarding sanctions) (citing *Escalante v. Burlington Nat. Indem., Ltd.*, WL 6670002, at *3 (C.D. Cal. Nov. 24, 2014)). "The presumption against removal, coupled with Ninth Circuit precedent holding that bad faith in the sanctions context is a high burden," has led courts in this district "to conclude that defendants face a high burden to demonstrate that a plaintiff acted in bad faith to prevent removal." *Id.* at *3.

Safeway's removal comes one-year after Camper filed and served her complaint, so it's only hope of demonstrating that removal was proper under the statute is showing that Camper acted in bad faith as that term is used in 28 U.S.C. § 1446(c). Safeway falls short in this respect.

ORDER - 8

Safeway points to no facts showing that Camper "engaged in strategic gamesmanship designed to keep the case in state court until the one-year deadline has expired" before the expiration of its deadline to remove this matter on October 23, 2021. *See Torres*, 2021 WL 259439, at *3. According to Safeway's papers in state court, Defendant J.C. Penney gave notice that the matter was "subject to an automatic stay related to its bankruptcy" on or about November 2, 2020—the same day Safeway propounded its discovery requests to Camper. Dkt. No. 5-1 at 292 ¶ 3; Dkt. No. 10 at 2 ¶ 4. Safeway argues Camper failed to respond to its requests, but the record reflects that Camper made a timely request on December 2, 2020, for an extension to respond to Safeway's discovery requests. Dkt. No. 5-1 at 297. In response, Safeway's counsel acknowledged that the matter was stayed, "but [] it would be helpful to us to determine potential records sources and start collecting records if that is acceptable to you." *Id.* at 296. Safeway's next email to Camper is on April 1, 2021, requesting answers to Safeway's discovery requests, including a statement of damages. *Id.* Camper responded the same day that she will not participate in further litigation on the case because of the bankruptcy stay. *Id.* at 295-6. Safeway does not appear to email Camper again until after the stay was lifted on January 11, 2023. *Id.* at 295-6.

Thus, Safeway oversells the notion that Camper "refused" to answer its discovery requests during the stay. If Safeway disagreed with Camper's position about the stay, it failed to say as much at the time. *See id.* at 296. Indeed, Safeway's response in its December 2, 2020, email ("[t]hat's fine[;] [w]e are stayed by the bankruptcy stay . . .") implies it shared Camper's view of the stay. *See id.* So it

ORDER - 9

cannot be said that Camper acted in bad faith to disrupt or hinder the proceedings when Safeway made two requests to Camper, with minimal follow-up, before October 23, 2021. Safeway focuses on Camper's responses after this date; whether Camper acted in bad faith after October 23, 2021, is immaterial under 28 U.S.C. § 1446(c) because Safeway's deadline for removal had already passed. Dkt. No. 1,. Ultimately, the stay, not Camper, prevented Safeway from removing this matter before the one-year deadline.

Admittedly, J.C. Penney's automatic bankruptcy stay placed Safeway in a difficult position—Safeway did not know the amount in controversy at the time this matter was filed and did not have time to learn of the amount through discovery by the time the automatic stay was in place. *See, e.g.*, Dkt. Nos. 5-1 at 11; 5 at 7 ¶ ¶ 4.1, 4.2; CR 33(a); CR 34(b)(3)(A); CR 36(a). Safeway's briefing does not directly address the effect of the bankruptcy stay, if any, on § 1446(c), nor does Safeway argue that the one-year deadline should be tolled. *See* Dkt. No. 9.

There are scant cases on this subject in the Ninth Circuit and beyond. *See Nocelli v. Kaiser Gypsum Co., Inc.*, No. 19-CV-1980 (RA), 2020 WL 230890, at *4-5 (S.D.N.Y. Jan. 15, 2020) (holding bankruptcy stay did not toll one-year time limit under 28 U.S.C. § 1446(c)(1)); *see also Three Pirates, LLC v. Shelton Bros., Inc.*, No. 3:16-CV-01054-JE, 2016 WL 6534523, at *4 (D. Or. Sept. 27, 2016), *report and recommendation adopted*, No. 3:16-CV-01054-JE, 2016 WL 6561557 (D. Or. Nov. 1, 2016) (holding order staying state court proceedings did not create equitable exception to 30-day limit for removal).

The Ninth Circuit's opinion in *Patterson v. Int'l Bhd. of Teamsters, Loc. 959*, 121 F.3d 1345, 1348–49 (9th Cir. 1997), is worth a closer look. There, a plaintiff brought an action in state court against his former employer and his labor union as well as various other defendants. *Id.* at 1348. The state court dismissed the plaintiff's action against his former employer, but the state court stayed his action against the union because it had earlier filed bankruptcy under 11 U.S.C. § 362. *Id.* The plaintiff's action proceeded against the other defendants. *Id.* Once the bankruptcy court permitted it, the union removed to federal court—six years after it had received service of process in plaintiff's lawsuit. *Id.* at 1348. On appeal from the district court's denial of his motion to remand, plaintiff argued the union failed to remove within 30 days of service under 28 U.S.C. § 1446(b). The union argued that it timely removed because it removed within 30 days of relief of the bankruptcy court's automatic stay. *Id.* The Ninth Circuit agreed with the debtor-union, holding that "[i]f an automatic stay is in effect at the time the plaintiff files a state court action . . . the thirty-day period for removal does not begin to run until relief is obtained from the automatic stay." *Id.* (citing *Easley v. Pettibone Michigan Corp.*, 990 F.2d 905, 908–09 (6th Cir. 1993)).

Safeway does not argue for *Patterson*'s applicability to either 28 U.S.C. § 1446(b) or 1446(c), and if it had, it would not help here. When creating its exception to § 1446(b), the *Patterson* court based its holding on the union's status as the debtor, reasoning that if the 30-day limit for removal began to run before the bankruptcy stay was lifted in a case in which the stay was pending at the time

lawsuit began, "a debtor [would] be forced to continue to litigate the claim, [and] the purposes underlying the automatic stay would be thwarted." *Id.*

Here, J.C. Penney, not Safeway, was the debtor. Further, as the *Patterson* court notes—in passing—the state court proceedings continued as to the other defendants; this implicitly suggests that actions against non-debtor defendants could proceed. *See id.* This possibility is supported by more recent Ninth Circuit bankruptcy courts holding that "[a]though the scope of the automatic stay is broad, it does not stay all proceedings." *In re Palmdale Hills Prop., LLC*, 423 B.R. 655, 663 (B.A.P. 9th Cir. 2009), *aff'd*, 654 F.3d 868 (9th Cir. 2011). Safeway does not state, and the record does not reflect, that Safeway ever tried to proceed against Camper in any fashion, if even to pursue discovery about the amount-in-controversy or to seek clarification from any court about the scope of the stay. The potential reach of *Patterson* aside, the facts here suggest that non-debtor Safeway's inaction, rather than any alleged bad-faith conduct by Camper, foreclosed removal.

In any event, the Court declines to reframe Safeway's arguments or to reach issues not presented. The Court thus does not consider whether Safeway had a viable argument for removal because of the stay, and considering Safeway's "high burden," concludes that Safeway's deadline to remove this matter to this court expired one year after commencement of this action.[2]

---

[2] While Safeway's removal is barred, Camper's argument that it was untimely under 28 U.S.C. § 1446(b)(1) fails. "[N]otice of removal may be filed within thirty days after receipt by the defendant . . . of . . . other paper from which it may first be ascertained that the case is one which is . . . removable." 28 U.S.C. § 1446(b)(3). This deadline "only applies if the case stated by the initial pleading is removable on its face." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005).

## 4. CONCLUSION

Safeway's removal is untimely under 28 U.S.C. § 1446(c). The matter is to be REMANDED. Safeway's pending motion for contempt under Dkt. No. 14 is STRICKEN as moot.

It is so ORDERED.

Dated this 9th day of November, 2023.

Jamal N. Whitehead
United States District Judge

---

Camper's complaint did not include damages. Dkt. No. 1-2. Safeway could not have known Camper's alleged damages until Camper produced the amended statement of damages for $200,000 on April 21, 2023. *See* Dkt. No. 12 at 14.